UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:24-CR-81 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| ANTONIO DEWAYNE WATKINS | ) Magistrate Judge Michael J. Dumitru |
| | ) |

**MEMORANDUM**

This matter comes before the Court upon pro se Defendant Antonio DeWayne Watkins's "Motion to Dismiss Indictment with Prejudice for Violation of the US Constitution and the Speedy Trial Act" ("Motion to Dismiss"). (Doc. 42.) For the reasons stated in this memorandum, Defendant's Motion to Dismiss will be **DENIED**.

I. <u>**BACKGROUND**</u>

This action commenced with a sealed complaint filed by the United States ("the Government") on August 6, 2024. (Doc. 3.) On August 8, 2024, Defendant was arrested (Doc. 9), and the complaint was unsealed (docket notation dated 8/8/24). Also on August 8, the Court appointed counsel for Defendant, and Defendant appeared before a United States Magistrate Judge with newly appointed counsel from the Federal Defender Services for an initial appearance. (Doc. 8.) On August 13, 2024, the Grand Jury returned a three-count indictment against Defendant for (1) knowingly possessing with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Doc. 10, Count One), (2) knowingly possessing a firearm in furtherance of a drug trafficking crime involving methamphetamine in violation of 18 U.S.C. § 924(c)(1)(A)(i) (*id.*, Count Two), and (3) felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (*id.*, Count Three). Each count was based on conduct occurring on July 3,

1

2024. (*Id.*)  On August 16, 2024, Defendant was arraigned and pleaded not guilty to all counts in the indictment. (Doc. 14.)  A scheduling and discovery order was entered the same day setting the matter for trial on October 15, 2024. (Doc. 16.)

Defendant filed a motion to continue on September 17, 2024 (Doc. 18), which the Court granted, continuing the trial until December 2, 2024 (Doc. 19).  Defendant filed a second motion to continue on November 13, 2024 (Doc. 20), which the Court granted, continuing the trial until February 3, 2025 (Doc. 21).  Defendant filed a third motion to continue on December 30, 2024 (Doc. 23), which the Court granted, continuing the trial until April 21, 2025 (Doc. 24).

On March 25, 2025, the Grand Jury returned a superseding indictment. (Doc. 26.)  The superseding indictment included the original three counts[1] and added four new counts against Defendant.  Those new counts are:  knowingly possessing with intent to distribute a mixture and substance containing a detectable amount of fentanyl on July 3, 2024, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Doc. 26, Count Two); knowingly possessing with intent to distribute 50 grams or more of methamphetamine on July 17, 2024 (*id.*, Count Five) and again on July 31, 2024 (*id.*, Count Six), both in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); and forcibly assaulting, resisting, and interfering with a person assisting officers and employees of the United States in performance of official duties in violation of 18 U.S.C. § 111(a)–(b) (*id.*, Count Seven).  The superseding indictment also added facts to Count One of the original indictment that would permit the Government to seek a sentencing enhancement under 21 U.S.C. § 851.

---

[1] Some of the counts in the original indictment have been renumbered in the superseding indictment.  Count Two in the original indictment is Count Three in the superseding indictment.  Count Two in the original indictment charged possession of a firearm in furtherance of a drug trafficking crime involving methamphetamine. (Doc. 10, Count Two.)  Count Three in the superseding indictment charges possession of a firearm in furtherance of a drug trafficking crime involving methamphetamine *and fentanyl*. (Doc. 26, Count Three.)  Count Three in the original indictment is Count Four in the superseding indictment. (Doc. 10, Count Three and Doc. 26, Count Four.)

Defendant was arraigned on the superseding indictment and pleaded not guilty to all counts on April 1, 2025. (Doc. 31.) That same day, Defendant's counsel moved to withdraw from the case due to "irreconcilable differences" between himself and Defendant. (Doc. 32 at 1.) The case was then set for trial on the superseding indictment on June 2, 2025. (Doc. 33.) On April 7, 2025, while the motion to withdraw was pending, Defendant filed pro se a "Motion to Enforce Speedy Trial." (Doc. 35.) The Court denied this motion without prejudice on April 8, 2015, because the motion was filed while Defendant was still represented by counsel, in violation of E.D. Tenn. L.R. 83.4(c). (Doc. 37.) The Court also granted the motion to withdraw, allowing Defendant to represent himself with assistance from "stand-by counsel." (Docs. 36, 37.)

On May 15, 2025, a motion to continue was filed by Defendant with assistance from standby counsel. (Doc. 40 at 1.) The Court granted this motion, continuing the trial to July 28, 2025. (Doc. 42.) Defendant subsequently filed this Motion to Dismiss on May 31, 2025. (Doc. 42.) Subsequently, the Court postponed the trial pursuant to 18 U.S.C. § 3161(h)(1)(D) to provide the Court adequate time to address this motion. (Doc. 55.)

## II. DISCUSSION

Defendant moves to dismiss the superseding indictment against him for (1) a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, (2) a violation of the right to a speedy trial protected by the Sixth Amendment of the United States Constitution, (3) prosecutorial vindictiveness in violation of the Due Process Clause of the Fifth Amendment, and (4) unreasonable delay in obtaining the superseding indictment in violation of the Due Process Clause. The Court will address each argument in turn.

3

A.  **The Speedy Trial Act**

Under the Speedy Trial Act ("the Act"), the trial of a defendant charged in federal court must commence "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, certain delays are excludable from the seventy-day calculus. *Bloate v. United States*, 559 U.S. 196, 203 (2010); *Sylvester v. United States*, 868 F.3d 503, 508 (6th Cir. 2017). Section 3161(h) of the Act enumerates those delays which are excludable. 18 U.S.C. § 3161(h). Excludable delays relevant to this case include "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" *Id.* § 3161(h)(1)(D). Trial continuances can also constitute excludable delay under certain circumstances:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(7)(A). In order for this exclusion to apply, the court must state in the record "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The Government contends the speedy trial clock started on August 16, 2024, when Defendant was arraigned on the indictment, because the arraignment followed the indictment's return on August 13, 2024. Defendant asserts, however, that the speedy trial clock was triggered by the return of the indictment on August 13 because Defendant appeared with counsel in an initial appearance before the Magistrate Judge on August 8, 2024. Defendant is correct. "When the

4

defendant is arrested prior to indictment, and makes an initial appearance before a magistrate who orders him held to answer to the charges in district court, the seventy-day pretrial period runs from the date of his indictment." *United States v. Mentz*, 840 F.2d 315, 325 (6th Cir. 1988) (citation omitted); *see also United States v. Ketzbeau,* No. 23-20357, 2025 WL 1418845, at *1 (E.D. Mich. May 15, 2025) ("When a complaint on which the defendant has made an appearance is pending when the indictment is returned, the period begins with the filing of the indictment." (citing *United States v. Gardner*, 488 F.3d 700, 717 (6th Cir. 2007)); *United States v. Carrasquillo*, 667 F.2d 382, 384 (3d. Cir. 1981) ("If a preindictment initial appearance were not considered to be an 'appearance before a judicial officer of the court in which such charge is pending,' then the date of an indictment could never be the date that 'last occurs' under section 3161(c)(1).").

The speedy trial clock was triggered on August 13 and ran until the Defendant sought his first continuance on September 17, 2024. Thus, thirty-four days expired on the speedy trial clock between the August 13 filing of the indictment and the September 17 motion to continue. (Doc. 18.) Thereafter, the Court granted the motion on September 30, 2024, and continued the trial until December 2, 2024. In granting Defendant's September request for a continuance, the Court found "the interests served by granting the continuance outweigh the interests of Defendant and the public in a speedy trial" because Defendant's counsel needed to "complete discovery review, determine if investigation is needed, complete any such investigation, and discuss the case and potential plea offers with Defendant." Thereafter, Defendant filed motions to continue on November 13, 2024 (Doc. 20), and December 30, 2024, (Doc. 23), seeking extensions of deadlines including the trial.

In the November motion, Defendant sought additional time to discuss the case and consider an expected plea offer from the Government with his counsel. (Doc. 20 at 1.) When the December

5

motion was filed, Defendant had new counsel who needed "additional time to get up to speed and discuss the case, discovery, [and] strategy[.]" (Doc. 23 at 1.) Counsel noted Defendant was facing a potentially "significant sentence" given the charges against him. (*Id.*)

Based on the reasons offered by Defendant in the November and December motions, the Court granted both motions and continued the trial date, first to February 3, 2025, and then to April 21, 2025, explicitly finding that "the interests served by granting the continuance outweigh the interests of Defendant and the public in a speedy trial[.]" (Doc. 21 at 3, Doc. 24 at 3.) Consequently, all time beginning from September 17, 2024, when the first motion to continue was filed, until April 21, 2025, the date of the trial established by the Court in its order granting the December motion to continue, time as to all counts in the original indictment. 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A). On March 25, 2025, before trial could commence on April 21, 2025, the Government obtained a superseding indictment. (Doc. 26.)

Defendant asserts that the speedy trial clock started running again—before April 21, 2025—when he was arraigned on the superseding indictment on April 1, 2025, and continued until the Court granted Defendant's motion to continue in an order entered on May 20, 2025—a time period consisting of 49 days. (Doc. 42 at 4, Doc. 46 at 1–2.) Thus, continues Defendant's argument, thirty-four days plus forty-nine days equals eighty-three days—thereby violating the Speedy Trial Act.

Defendant's analysis is incorrect, however, because he misunderstands the effect of the superseding indictment. The speedy trial clock did not start running again for the charges from the original indictment when the superseding indictment was filed or when Defendant was arraigned on April 1, 2025, on the superseding indictment. *Sylvester*, 868 F.3d at 508.

In *Sylvester v. United States*, the Court of Appeals for the Sixth Circuit held that the filing of a superseding indictment did not restart the speedy trial clock for the charges in the original indictment. 868 F.3d at 511. In so holding, the Court cited with approval cases from a number of other courts reaching the same conclusion:

> Notably, the Act does not provide for a resetting of the Speedy Trial Clock for existing charges where the Government has filed a superseding indictment adding new charges to existing ones. . . . Although this Circuit has not addressed this issue directly, the majority of our sister circuits have held that "[t]he filing of a superseding indictment does not affect the speedy trial clock for offenses charged in the original indictment." *United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994) (citations omitted); *United States v. Young*, 528 F.3d 1294, 1296 (11th Cir. 2008) ("[N]either the filing of a superseding indictment, nor the dismissal of an original indictment followed by the filing of a new indictment, resets the speedy-trial clock."); *United States v. Daychild*, 357 F.3d 1082, 1091 n.10 (9th Cir. 2004) ("The clock's start time in this case is unaffected by the superseding indictments."); *United States v. Marshall*, 935 F.2d 1298, 1302 (D.C. Cir. 1991) ("As a general rule, the filing of a superseding indictment does not affect the speedy trial clock for offenses either charged in the original indictment or required under double jeopardy principles to be joined with such charges."). . . . *United States v. Thomas*, 788 F.2d 1250, 1258 (7th Cir. 1986) ("The superseding indictment does not affect the running of the time on the three charges that were in the original indictment as well as the superseding indictment."); *United States v. Novak*, 715 F.2d 810, 819 (3d Cir. 1983) ("[W]henever the court determines from the face of the indictment that a superseding indictment charges an offense that is the same as, or required to be joined with, an offense charged in the original indictment within the meaning of subsection (h)(6) and the Double Jeopardy Clause, trial on that offense must commence within the time limitation for trial applicable to the original indictment."); *see also Rojas–Contreras*, 474 U.S. at 235–36, 106 S. Ct. 555 ("[W]here a superseding indictment adds new charges, trial of the original charges must begin within the time limit for commencement of trial on the original indictment or information") (quotation omitted) (citation omitted).

*Id.* at 508–09 (alterations in original); *see also United States v. Elsea*, No 2:20-CR-74, 2022 WL 552125, at * 2 (E.D. Tenn. Feb. 23, 2022) (Greer, J.) (holding the filing of a superseding indictment did not affect the speedy trial clock for charges brought in the original indictment); *United States v. Elie*, No. 3:21-CR-149, 2023 WL 2496721, at *3 (E.D. Tenn. Mar. 14, 2023) (Crytzer, J.) ("Filing a superseding indictment does not restart the speedy trial clock on existing charges."

7

(citation omitted)).  Thus, the speedy trial clock was not triggered again for the *original* charges until April 21, 2025, and was stopped once again when Defendant filed another motion to continue on May 15, 2025.  In granting the May 15, 2025, motion, the Court continued the trial until July 28, 2025, finding that "the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendant in a speedy trial." (Doc. 41 at 3.)  As grounds, the Court observed that Defendant, who was representing himself by that time, had not been able to access a law library and needed additional time to research and draft a motion.  (Doc. 41 at 3–4.)  Thus, the Court met the requirements of § 3161(h)(7)(A) to exclude from the seventy-day speedy trial clock the delay caused by the continuances.

In sum, between April 21, 2025, and May 15, 2025, twenty-three non-excludable days expired.  Adding thirty-four days and twenty-three days equals only fifty-seven days on the seventy-day speedy trial clock for the original charges:

| Triggering event for running of the speedy trial clock | End Date/Event | Number of Days (between triggering date and end date/event.) |
|---|---|---|
| August 13, 2025 Indictment. (Doc. 10.) | September 17, 2024 Motion to Continue.  (Doc. 18.) | 34 days |
| April 21, 2025 trial date set by Court Order entered on December 30, 2024.  (Doc. 24.) | May 15, 2025 Motion to Continue.  (Doc. 40.) | 23 days |
| Total non-excludable days for charges in original indictment. | | 57 days |

As for the new charges in the superseding indictment, a "separate speedy trial clock" began to run on April 1, 2025, when Defendant was arraigned on the superseding indictment.  *See Sylvester,* 868 F.3d at 508–510*; see also Elsea*, 2022 WL 552125, at *2 (holding that "a separate speedy trial clock began to run on the new charges" when the last defendants made their initial
8

appearances on the superseding indictment); *United States v. Triplett*, No. 2:24-CR-64, 2025 WL 1489173, at *6 (S.D. Ohio May 23, 2025) ("Courts in the Sixth Circuit have further found that '[r]ather than restarting the speedy trial clock' [for the original charges when a superseding indictment is filed], a court should start 'separate speedy trial clocks for the new charges.'" (first alteration in original, second alteration added) (quoting *Sylvester v. United States*, 110 F. Supp. 3d 738, 748 (E.D. Mich. 2015), *aff'd*, 863 F.3d 503 (6th Cir. 2012)).

The separate speedy trial clock for the *new* charges in the superseding indictment was triggered by the April 1, 2025, arraignment and stopped on May 15, 2025, when Defendant filed his motion to continue, and it has not restarted. Thus only forty-four days have expired on the separate seventy-day speedy trial clock for the new charges in the superseding indictment.

### B. The Right to a Speedy Trial Under the Sixth Amendment

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . ." U.S. Const. amend. VI. The Supreme Court has identified four factors the Court should consider in evaluating a Sixth Amendment speedy trial challenge: (1) the length of the delay, (2) the reasons for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) the prejudice to the defendant caused by the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "No one factor constitutes a 'necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.' Rather, they are related factors and must be considered together with such other circumstances as may be relevant" to determine if a violation of the Sixth Amendment right to a speedy trial has occurred. *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006) (citation omitted).

"The length-of-delay factor serves as a threshold inquiry: if the length of the delay is not 'uncommonly long,' then the judicial examination ends, but a delay of one year is presumptively

9

Case 1:24-cr-00081-CLC-MJD   Document 56   Filed 07/25/25   Page 9 of 16   PageID #: 285

prejudicial and triggers application of the remaining three factors." *Bass*, 460 F.3d at 836 (quoting *Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir. 2006)); *see also United States v. Gardner*, 488 F.3d 700, 719 2007) ("the length of delay is a threshold issue. That is, if there is no delay that is presumptively prejudicial, there is no necessity for inquiry into the other factors.") "The length of delay is measured from the earlier of the date of indictment or arrest to the defendant's trial." *Bass*, 460 F.3d at 836 (citing *Maples*, 427 F.3d at 1026 ). "A delay approaching one year is presumptively prejudicial and triggers application of the remaining three factors." *Maples*, 427 F.3d at 1026 (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

As to the *new* charges in the superseding indictment, there is no more than a four-month gap between the arraignment on the superseding indictment and the scheduled trial—not an uncommonly long delay—and therefore, the Court's analysis stops here as to the new charges.

The Court now turns to the charges pending from the original indictment. Defendant was arrested on August 8, 2024. He was, most recently, scheduled for trial on July 28, 2025, but his trial has been postponed again to give this Court time to consider his Motion to Dismiss. The overall delay, as it applies to the original charges against Defendant, approaches one year, thereby requiring further consideration of the *Barker* factors.

If the reasons for the delays were caused by the Government and "motivated by bad faith, harassment, or attempts to seek a tactical advantage," those delays "weigh heavily against the Government[.]" *Maples*, 472 F.3d at 1026. On the other hand,

> If a defendant is responsible for the delay, matters simplify rather quickly. Only "those periods of delay attributable to the government or the court are relevant to [a defendant's] constitutional claim." *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000). *So, when a defendant is the cause of the delay, he cannot use the delay "as a basis for a speedy-trial claim." United States v. Young*, 657 F.3d 408, 415 (6th Cir. 2011).

10

*United States v. Schuster*, 135 F.4th 1037, 1049 (6th Cir. 2025) (alteration in original) (emphasis added).

In this case, Defendant requested the first three continuances to give himself adequate time to prepare for trial. *See supra* at 4–5. Defendant made his fourth request for a continuance on May 15, 2025, to give himself time to research, draft, and file this motion, and to review discovery which had been mailed to him but not yet received. (Doc. 40 ¶¶ 2–3, 6.) Subsequently, the trial was postponed yet again after Defendant filed his Motion to Dismiss in order to give the Court adequate time to address his motion. The Court concludes the reasons for the delay are attributable to Defendant—not the Government. Consequently, pursuant to *Shuster*, the Court's analysis stops here.

### C. Prosecutorial Vindictiveness in Violation of the Due Process Clause

Defendant seeks dismissal of the superseding indictment on the ground that the Government engaged in prosecutorial vindictiveness in violation of the Due Process Clause of the Fifth Amendment by bringing a superseding indictment against him when he refused to accept the Government's plea offer. According to Defendant, "[t]he original case was weak and failing due to an investigation bias" (Doc. 42 ¶ 5), and Defendant wished to proceed to trial (*id.* ¶ 4). However, Defendant contends, the Government attempted to "coerce" a guilty plea from him to Count Three in exchange for dismissal of the other counts by threatening him with additional charges in a superseding indictment if he did not accept the plea offer. (Doc. 42 ¶¶ 4–6.)

"The Fifth Amendment bars the government from 'depriv[ing]' defendants of their 'liberty' 'without due process of law[.]'" *United States v. O'Lear,* 90 F.4th 519, 531 (6th Cir. 2024) (alterations in original) (quoting U.S. Const. amend. V.), *cert. denied*, 144 S. Ct. 2542, 219 L. Ed. 2d 1212 (2024). The Supreme Court has interpreted this prohibition to mean prosecutors cannot

11

Case 1:24-cr-00081-CLC-MJD     Document 56     Filed 07/25/25     Page 11 of 16
PageID #: 287

retaliate against defendants for "exercising their legal rights" in certain situations. *Id.* (citing *United States v. Goodwin*, 457 U.S. 368, 372 (1982)). For example, prosecutors may not retaliate against a defendant who sought a retrial provided by state-law on a misdemeanor charge by indicting him on more serious felony charges. *Id.* (citing *Blackledge v. Perry*, 417 U.S. 21, 28–29 (1974)). Similarly, prosecutors may not retaliate against defendants who have brought a successful motion to suppress by subsequently charging defendants with more serious offenses. *United States v. La Deau*, 734 F.3d 561, 566–73 (6th Cir. 2012). On the other hand, this due process protection does not apply to the plea-bargaining process absent a showing that the defendant could not voluntarily accept or reject the plea offer:

> [C]ourts have refused to extend this reading to plea bargaining. When a prosecutor threatens to bring harsher charges if a defendant does not plead guilty, defendants often assert that the prosecutor has unconstitutionally retaliated against them for exercising their right to a jury trial. *See, e.g., Bordenkircher*, 434 U.S. at 358–59, 98 S. Ct. 663. The Supreme Court has rejected these claims. *See id.* at 362–65, 98 S. Ct. 663. It has reasoned that the Government does not "punish[ ]" a defendant by offering a choice between two options (plead guilty to less serious charges or stand trial on more serious ones) so long as the defendant may voluntarily "accept or reject" this offer. *Id.* at 363, 98 S. Ct. 663. Any other rule would interpret the Due Process Clause to bar plea deals. *See id.* at 364, 98 S. Ct. 663; *see also Goodwin*, 457 U.S. at 378–80, 102 S. Ct. 2485. For decades, then, we have rejected vindictive-prosecution claims that rested only on the Government's pursuit of additional charges after the parties' plea negotiations broke down.

*O'Lear*, 90 F.4th at 531–532 (citing *United States v. DeJohn*, 368 F.3d 533, 545 (6th Cir. 2004)); *see also United States v. Hall*, 829 F. App'x 699, 710 (6th Cir. 2020); *United States v. Young*, 847 F.3d 328, 361 (6th Cir. 2017); *United States v. Tippins*, 630 F. App'x 501, 503–04 (5th Cir. 2015)).

As evidence of prosecutorial vindictiveness, Defendant attached to his motion a letter dated December 30, 2024, sent to him by his counsel at the time for the purpose of memorializing a conversation counsel had had with Defendant in jail on that same date. (Doc. 42-1.) It is evident

12

from the letter that counsel discussed with Defendant the plea offer and that, if he did not accept the plea offer, the Government would seek a superseding indictment with additional charges. (*Id.*)

In the letter, counsel reiterated to Defendant the possible sentences he faced on each count of the original indictment: fifteen years to life imprisonment on Count One (possession with intent to distribute fifty grams or more of methamphetamine), five years to life imprisonment on Count Two (possession of a firearm in furtherance of drug trafficking), and zero to fifteen years in prison on Count Three (felon in possession of a firearm). (*Id.* at 1.) Counsel further stated the Government was currently offering a plea agreement in which he would plead guilty to Count Three only and all other charges would be dismissed. (*Id.* at 2.) Counsel stated he understood and respected Defendant's decision to proceed to trial, and "[b]ecause the Government now plans to supersede your indictment, and because I am freshly on the case . . ., it is very likely that your case will be continued." (*Id.* 2–3.)

The Court acknowledges that the Government gave Defendant a difficult choice. But simply because a choice is difficult does not make it improper. *Tippins*, 630 F. App'x at 503 ("[T]he Government gave him difficult choices, not improper choices."). "When the pretrial addition of more serious charges results merely from the failure of the plea-bargaining process, it is not vindictive prosecution." *United States v. Walls*, 293 F.3d 959, 970 (6th Cir. 2002). In this case, the Government offered Defendant a plea agreement, Defendant knowingly and voluntarily rejected the plea offer, and consequently, the Government sought and obtained the superseding indictment. Defendant's claim of vindictive prosecution violating Defendant's due process rights has no merit.

13

Case 1:24-cr-00081-CLC-MJD   Document 56   Filed 07/25/25   Page 13 of 16
PageID #: 289

### D. Prosecutorial Delay in Seeking the Superseding Indictment in Violation of the Due Process Clause

Defendant contends the Government violated his due process rights under the Fifth Amendment by delaying his prosecution on the charges added in the superseding indictment for approximately seven months. The Court starts with the applicable statute of limitations.

"[S]tatutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide the 'primary guarantee, against bringing overly stale criminal charges.'" *United States v. Lovasco*, 431 U.S. 783, 789 (1977) (quoting *United States v. Marion*, 404 U.S. 307, 322 (1971)); *see also United States v. Xiaorong You*, No. 2:19-cr-14, 2021 WL 1097445, at *2 (E.D. Tenn. Mar. 22, 2021) (Greer, J.) The statute of limitations for all charges brought against Defendant in the superseding indictment is five years. 18 U.S.C. § 3282.[2] The superseding indictment, filed on March 25, 2025, adds three charges based on conduct occurring in July 2024 and one charge based on conduct occurring in February 2025. The superseding indictment is well within the statute of limitations.

"Nevertheless, delay in prosecuting a defendant can implicate due process even if the indictment is brought within the statute of limitations." *Xiaorong You*, 2021 WL 1097445, at *2 (citing *Marion*, 404 U.S. at 325). "Dismissal for pre-indictment delay is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the Government to gain a tactical advantage." *United States v. Brown*, 667 F.2d 566,

---

[2]Section 3282 of Title 18 of the United States Code states,

> **(a) In general.**--Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C. § 3281.

14

568 (6th Cir. 1982) (citing *Marion*, 404 U.S. at 325 and *Lovasco*, 431 U.S. 783.) *See also Xiaorong You*, 2021 WL 1097445, at *2. Defendant bears a "heavy burden" to show "substantial prejudice" with "definite proof," not merely with "speculation." *Id.* at *3.

Defendant asserts that the approximately seven-month span[3] between the alleged criminal conduct and filing the superseding indictment has caused him to lose a witness, but Defendant has not identified this witness or explained the significance of this witness to his case. Defendant also argues he no longer has access to an investigator and is facing trial on a seven-count indictment without a trial strategy. This last predicament is a function of Defendant's decision to represent himself rather than the Government's filing of a superseding indictment. In sum, Defendant has no "definite proof" of substantial prejudice caused by any delay in seeking the superseding indictment.

Further, Defendant has not argued or shown that the Government sought a tactical advantage in waiting to bring the superseding indictment other than as a bargaining tool for a plea agreement. As discussed, use of a superseding indictment as a bargaining tool in plea negotiations does not deprive a defendant of due process. *See* discussion *supra* at 11–13. The Court concludes Defendant has suffered no due-process deprivation caused by the timing of the Government's filing the superseding indictment.

---

[3] The record is not clear when the Government possessed enough evidence to seek the superseding indictment against Defendant with the new charges. Regardless, absent a showing of prejudice to Defendant and intentional delay on the part of the Government for impermissible tactical purposes, Defendant's claim lacks merit. *Brown*, 667 F.2d at 568 (citing *Marion*, 404 U.S. at 325) and *Lovasco*, 431 U.S. 783 (1977)).

### III. CONCLUSION

For the reasons stated in this memorandum, Defendant Watkins's Motion to Dismiss (Doc. 42) will be **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**