UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No: 1:24-CR-81 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| ANTONIO DEWAYNE WATKINS | ) | |

**MEMORANDUM & ORDER**

Before the Court is an August 8, 2025, filing by Defendant, Antonio DeWayne Watkins, acting *pro se*, captioned as an "Emergency Supplemental Trial Brief." (Doc. 78.) In substance, the filing is a renewed motion to dismiss based on the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*; a motion for sanctions against the United States (the "Government") for alleged discovery violations; an assertion of various constitutional rights; and other requests in the nature of motions to suppress or motions in limine. (*See id.*) The Government responded in opposition to the motion to dismiss on August 10, 2025. (Doc. 79.)

A. **Speedy Trial Act**

Defendant asserts that his statutory speedy-trial rights have been violated because the Court's July 25, 2025, ruling on his previous motion to dismiss under the Speedy Trial Act found that fifty-seven (57) non-excludable days had elapsed under the speedy-trial clock on the charges in the original Indictment, and sixteen (16) more days must pass before the start of Defendant's trial on August 11, 2025, for a total of seventy-three (73) non-excludable days. (Doc. 78 at 2.)

Defendant's calculations are mistaken. (*See* Doc. 79 at 1–3.) Defendant's speedy-trial clock was tolled until July 28, 2025, the day after the trial date set in the Court's May 20, 2025, ends of justice continuance (Doc. 41 at 4), adding one day to the total. *See United States v.*

*Richardson*, 681 F.3d 736, 738 (6th Cir. 2012). Tolling began again on July 29, 2025, both because of the Government's motion to continue (Doc. 58) and because of Defendant's motion to compel (Doc. 60). The Court addressed those motions at the final pretrial conference on July 30, 2025, allowing the clock to start again on July 31, 2025. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A). July 30 would have been excluded from the calculation in any case because the Court conducted the final pretrial conference that day. *See Coviello v. United States*, 287 F. App'x 503, 507 (6th Cir. 2008). The previously calculated fifty-seven (57) days, plus one (1) day for July 28, plus twelve (12) days from July 31 until August 11, add up to seventy (70) days exactly.[1] Moreover, as the Government points out in its response, Defendant's present filing is, in actuality, a pretrial motion that itself tolls the speedy-trial clock to allow consideration by the Court. (*See* Doc. 79 at 2–3.) In short, there has been no violation of the Speedy Trial Act. Defendant's motion to dismiss on speedy-trial grounds is **DENIED**.

B.  Discovery

Defendant asserts that the Government withheld "Brady/Giglio and Rule 16 materials" until raised at pre-trial, and that "[t]he government lied under oath to Judge Collier at pre-trial and stated he turned over all material in this case," when in actuality, according to Defendant, the Government sent material to Defendant only "[d]ays before trial." (Doc. 78 at 2–3.) Defendant

---

[1] The Court selected August 11, 2025, as the trial date to honor Defendant's rights under the Speedy Trial Act, because that trial date would have been timely even without the parties' filing of motions on July 29. Under the Federal Rules of Criminal Procedure, if the last day of a period counted in days "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Crim. P. 45(a)(1)(C). Although the seventieth day would have been Sunday, August 10, the period would not have ended until Monday, August 11, under the rule.

alleges there are "new videos, new audio recordings, fingerprint results, new government's expert witness, and stipulations."[2] (*Id.* at 3.)

The Government filed a notice on April 24, 2025, stating that it was making discovery available to Defendant's standby counsel that day. (Doc. 38.) The Government included an index of discovery, which listed, among other items, multiple pages of video and audio recordings (Doc. 38-2 at 3–9) and at least one report on a fingerprint comparison (*id.* at 1, Bates stamp 20–28). The certificate of service states that the notice was mailed to Defendant at the Irwin County Detention Center on April 24, the day of filing. (Doc. 38 at 2.) At the final pretrial conference, Defendant's standby counsel agreed to help Defendant access the discovery to the extent possible based on restrictions where Defendant was housed. Difficulty in accessing discovery, especially electronic discovery, is always a risk when an incarcerated individual decides to represent himself or herself. (*See* Doc. 37 at 4 (April 11, 2025, Order noting that the jail at which Defendant was housed might place restrictions on his ability to access discovery materials).)

As to the Government's expert witnesses, the Government made expert disclosures on July 15 and 29, 2025, all of which had certificates of service showing mailing to Defendant at the Irwin County Detention Center. (Docs. 51–54, 59.) The Court recognizes that the July 29 disclosure would not have reached Defendant through the mail until after the final pretrial conference. However, as with potential difficulty accessing discovery materials, a delay in receiving service copies from the opposing party is also a predictable detriment to self-representation, particularly self-representation while incarcerated.

---

[2] Neither stipulations nor proposed stipulations are discovery. The Court will therefore not consider them further in connection with Defendant's motion.

3

The Court sees no grounds in Defendant's motion for sanctioning the Government. The Defendant's motion for sanctions is therefore **DENIED**.

C.  **Other Requests**

The Court takes notice of Defendant's general assertion of his constitutional rights to a speedy trial, under the Confrontation Clause, for due process, and under the Fourth Amendment. (Doc. 78 at 1.) Defendant also asks the Court to exclude any evidence related to a confidential informant under the Confrontation Clause and any references to a prior felony conviction or "others prior criminal history" (so in original); to suppress any evidence that was obtained in violation of the Fourth Amendment; to dismiss the case for any Due Process issue; and for a limiting instruction to the jury "for any issue that violate[s] Federal [R]ules of [E]vidence or the Constitution." (*Id.* at 3.)

Motions to exclude evidence in limine and motions to suppress were due by July 9, 2025. (*See* Doc. 41 at 4 (setting July 9, 2025, motions deadline), Doc. 55 at 1 (continuing deadlines for jury instructions and plea agreements, but not motions), and Doc. 57 at 1 (setting new deadlines for jury instructions and plea agreements, but not motions).) Defendant's motions in limine or to suppress are **DENIED** as untimely. Defendant may make evidentiary objections, request jury instructions, or request other necessary relief in an appropriate manner as such matters become relevant at trial.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**