| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No: 1:24-CR-81 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| ANTONIO DEWAYNE WATKINS | ) | |

## **M E M O R A N D U M**

Before the Court is a motion for reconsideration by Defendant, Antonio DeWayne Watkins. (Doc. 140.) Defendant, who is representing himself,[1] moves the Court to alter or amend its January 12, 2026, Order (Doc. 121) denying Defendant's request for a new trial. The United States (the "Government") responded in opposition to the motion on May 7, 2026 (Doc. 145), and Defendant replied on May 22, 2026 (Doc. 148). For the reasons stated in this memorandum, Defendant's motion for reconsideration will be **DENIED**.

## I. **BACKGROUND**

The Court set forth the factual background relevant to Defendant's case through August 27, 2025, in detail in its January 12, 2026, Memorandum (Doc. 120 at 1–4) and incorporates those facts by reference here.

On January 12, 2026, the Court determined that admitting evidence of Defendant's prior felony convictions during trial was an error under *Old Chief v. United States*, 519 U.S. 172 (1997), and *United States v. Walker*, 160 F.3d 1078 (6th Cir. 1998). (Doc. 120.) However, the Court

---

[1] Defendant has represented himself in this case since April 8, 2025, with appointed standby counsel available. (Docs. 36, 37.) Filings by *pro se* litigants are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

1

determined this error was harmless upon finding the proof of Defendant's guilt on each count of the superseding indictment was overwhelming. (*Id.*) Thus, the Court concluded that neither a mistrial nor a new trial under Rule 33 was appropriate and denied Defendant's request for a new trial. (Docs. 120, 121.)

On May 5, 2026, Defendant filed a motion for reconsideration. (Doc. 140.) Defendant moves the Court to alter or amend its January 12, 2026, Order (Doc. 121), as he asserts the Court "committed manifest errors of law," and that "[r]elief is necessary to prevent manifest injustice." (*Id.* at 1.)

## II.    STANDARD OF REVIEW

The Federal Rules of Criminal Procedure do not expressly provide for motions for reconsideration, but such motions may be filed in criminal cases and evaluated as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e).[2] *See United States v. Legette-Bey*, Nos. 24-3777/3778, 2025 U.S. App. LEXIS 10401, *5 (6th Cir. Apr. 29, 2025); *United States v. Willyard*, No. 3:07-CR-44, 2008 U.S. Dist. LEXIS 12763, *3 (E.D. Tenn. Feb. 19, 2008).

Under Rule 59(e), a court may alter its judgment only if there is "1) a clear error of law; 2) newly discovered evidence; 3) an intervening change in controlling law; or 4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). Rule 59(e) motions are granted sparingly, as revising judgments "run[s] contrary to notions of finality and repose." *United States v. Wood*, No. 2:12-CR-00027-1-JRG-DHI, 2021 U.S. Dist. LEXIS 137730, *4 (E.D. Tenn. July 23, 2021) (alteration in original)

---

[2] Motions for reconsideration filed in criminal cases may also be evaluated under Federal Rule of Civil Procedure 60. *See Legette-Bey*, 2025 U.S. App. LEXIS 10401, at *5. However, the present case does not involve clerical error or other grounds for relief specified under Rule 60; therefore, Defendant's motion will be treated as a Rule 59(e) motion. Fed. R. Civ. P. 60.

(internal quotes omitted). As such, a district court has "considerable discretion" when deciding whether to grant Rule 59(e) motions, and the movant must demonstrate "extraordinary circumstances" to justify relief. *Id.*

Rule 59(e) motions cannot be used to relitigate previously considered issues, nor are they proper recourse for a movant who "merely 'views the law in a light contrary' to that of" the court. *Shetley v. United States*, Nos. 2:18-CV-168; 2:16-CR-105, 2021 U.S. Dist. LEXIS 34052, *6 (E.D. Tenn. Feb. 24, 2021) (quoting *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)). Where the motion "exclusively rehashe[s] misguided and failed . . . arguments and regurgitate[s] rejected case theories," it may be denied by the court outright. *J.B.F. v. Ky. Dep't of Educ.,* 690 F. App'x. 906, 907 (6th Cir. 2017).

## III. <u>DISCUSSION</u>

Defendant's motion to reconsider does not present the Court with newly discovered evidence or identify an intervening change in controlling law. *See Leisure*, 616 F.3d at 615. Therefore, the Court will consider whether Defendant's motion shows a clear error of law in the Court's earlier decision or that reconsideration is necessary to prevent manifest injustice. *Id.*

Defendant's motion first asserts that the Court's harmless-error conclusion (Doc. 120) requires reconsideration because it "[did] not apply the correct standard . . . ." (Doc. 140 at 2.) Defendant supports his claim by alleging the Court failed to weigh the "prejudicial effect" of erroneously admitted evidence against its "probative value." (*Id.* at 3.) Defendant's argument is not premised on the harmless-error standard; rather, it describes the balancing test for excluding evidence under Rule 403 of the Federal Rules of Evidence. *See United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018) ("The trial judge may exclude relevant evidence only if its probative value is substantially outweighed by the danger of unfair prejudice.") (internal quotations omitted).

The correct standard for determining whether an evidentiary error is harmless is harmless-error review. *See United States v. Kilpatrick*, 798 F.3d 365, 378 (6th Cir. 2015). Evidentiary errors are harmless if the court has a "'fair assurance' that the verdict was not 'substantially swayed' by the error." *United States v. Glenn*, 146 F.4th 485, 491 (6th Cir. 2025) (quoting *United States v. Haywood*, 280 F.3d 715, 724 (6th Cir. 2002)). In conducting this review, courts typically evaluate whether other evidence of the defendant's guilt is overwhelming. *See United States v. Daniel*, 134 F.3d 1259, 1264 (6th Cir. 1998) (finding *Old Chief* error harmless where "ample evidence in the record" could have resulted in the same guilty verdict); *Walker*, 160 F.3d at 1086 ("When the other evidence of guilt . . . is overwhelming, the Rule 403 error is rendered harmless.").

Instead of addressing the weight of the other evidence against him, Defendant asserts the Court "committed manifest legal error" by "substituting a sufficiency of the evidence analysis for the required harmless error inquiry." (Doc. 140 at 4.) Defendant's argument disregards that harmless-error determinations should be primarily focused on the nature and quality of the properly admitted evidence. *See Glenn*, 146 F.4th at 491 (finding *Old Chief* error harmful where majority of evidence was "ambiguous," "general statements," and "did not conclusively establish" defendant's guilt). As the Government's opposition points out, this Court correctly applied harmless-error review by "thoroughly evaluat[ing] the evidence presented at trial" and finding other evidence of Defendant's guilt overwhelming enough to render the error harmless. (Doc. 145 at 3.)

Defendant claims the Court's analysis constitutes a clear error of law because the Court "[did] not account for the extreme prejudicial forces of admitting multiple convictions." (Doc. 140 at 2.) However, Defendant does not cite authority stating this requirement or explain how the Court would properly "account" for the alleged prejudice. (*Id.*) Instead, he references Rule 403

4

balancing and states that "less prejudicial alternatives" were available during trial. (*Id.*) Defendant also asserts that admission of his convictions "paints a terrifying picture" of his character and creates "bias and unfair prejudice." (Doc 140 at 4.) Defendant's arguments suggest the Court should have conducted a Rule 403 analysis as part of its harmless-error review, which conflates two separate legal standards and does not establish a "clear error of law" that necessitates reconsideration.

Defendant's motion largely reiterates how admission of his prior convictions was an error under *Old Chief* and repeatedly suggests the prejudicial effect of this error substantially swayed the verdict. (Doc. 140.) While his arguments based on Rule 403 standards are misplaced, Defendant may be attempting to mirror language from *United States v. Grogan*, wherein the Court of Appeals for the Sixth Circuit stated that harmless-error review requires consideration of "the prejudicial effect of the improperly admitted evidence." 133 F.4th 553, 563 (6th Cir. 2025). To assess whether the error itself had a "prejudicial effect" on the verdict, *Grogan* evaluated the impact of the improperly admitted evidence "in light of the strength of the remaining evidence." *Id.* at 565.

The *Grogan* holding does not change harmless-error review for evidentiary errors or require a different analysis. Although *Grogan* articulates harmless error in terms of "prejudicial effect," the analysis remains focused on the strength of properly admitted evidence relative to the evidence admitted in error. *See id.* "To determine whether an improperly admitted confession is harmless, we consider whether 'absent' the confession, 'it is clear beyond a reasonable doubt that the jury would have returned a verdict of guilty.'" *Id.* at 565 (quoting *United States v. Wolf*, 879 F.2d 1320, 1324 (6th Cir. 1989)). The Court of Appeals found it more probable than not that the improperly admitted confession materially affected the verdict because other evidence of the

5

defendant's guilt was comparatively weak. *See id.* at 566 (noting the prosecution's "heavy reliance" on confession and lack of other direct evidence).

The evidence in the present case does not require this Court to come to the same conclusion as in *Grogan*. As the Court laid out in its earlier decision, the Government elicited detailed testimony of several law enforcement officers, played video and phone call recordings, and introduced the firearm and drugs at issue. (Doc. 120 at 10–13.) Defendant himself did not present or solicit any countervailing evidence that the Court could weigh against the Government's evidence. There is no indication in the record that the prosecution "heavily relied" on these prior convictions by repeated mention or emphasis. On the contrary, the evidence was limited to the sole purpose of establishing one of the requisite elements of the crime of possession of a firearm by a convicted felon, and the Court gave the jury limiting instructions to this effect. (Doc. 120 at 3.)

Lastly, Defendant questions the Court's conclusion that evidence of Defendant's guilt was overwhelming. Defendant asserts the evidence was not overwhelming due to its "circumstantial" nature, and states that "direct proof" is required to make this determination. (Doc. 140 at 6.) Defendant fails to cite authority for this alleged requirement, and binding precedent does not support such a rule under harmless-error review. *See United States v. Haywood*, 280 F.3d 715, 724 (6th Cir. 2002) (noting evidence of defendant's guilt was "significantly contested" and thus not overwhelming in light of conflicting evidence presented); *Glenn*, 146 F.4th at 491 (finding ambiguous text messages, phone location information, and uncontested testimony sufficient to convict defendant but not overwhelming). Instead of requiring "direct proof," the harmless-error standard involves consideration of the totality of evidence presented, which may include circumstantial evidence and uncontested testimony. *See United States v. Miller*, 562 F. App'x.

6

272, 286, 299 (6th Cir. 2014) (finding "largely uncontested testimony," seized contraband, and evidence of the defendant's contacts in perpetration of drug dealing met the harmless-error standard).

## IV. <u>CONCLUSION</u>

Defendant's motion to reconsider misapprehends the harmless-error standard and demonstrates no clear error of law or need to prevent manifest injustice. Defendant's mischaracterization of the applicable standard is not grounds for reconsideration, and Defendant's attempt to convince the Court otherwise, without demonstrating clear error or manifest injustice, is an improper endeavor to relitigate a previously decided issue. Defendant's arguments concerning the quality and persuasiveness of the properly admitted evidence are mere disagreements with the Court and not a basis for reconsideration. Accordingly, Defendant's motion to reconsider (Doc. 140) will be **DENIED.**

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**