UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No: 1:24-CR-81 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| ANTONIO DEWAYNE WATKINS | ) | |

# **M E M O R A N D U M**

Before the Court is a motion for a new trial by Defendant, Antonio Dewayne Watkins, under Federal Rule of Criminal Procedure 33.[1] (Doc. 152.) The United States (the "Government") has responded. (Doc. 161.)

## I. BACKGROUND

Defendant was tried before a jury on a seven-count superseding indictment.[2] (Docs. 26, 80.) As relevant here, Count Three charged Defendant with possessing a firearm in furtherance of a drug-trafficking crime (Doc. 26 at 1–2), Count Four charged him with possessing a firearm as a felon (*id.* at 1–2), and Counts Five and Six charged him with distributing fifty grams or more of methamphetamine on July 17 and July 31, 2024, respectively (*id.* at 2–3). The jury was seated on the morning of August 11, 2025, and opening statements began on the afternoon of August 12, 2025. (Docs. 80, 81.)

In support of the firearm charges in Counts Three and Four, the Government introduced dash-camera and body-camera footage and the testimony two law-enforcement officers regarding

[1] Defendant has represented himself in this case since April 8, 2025, with appointed standby counsel available. (Docs. 36, 37.)

[2] Certain counts contained enhancement allegations under 21 U.S.C. § 851. These allegations were bifurcated from the first phase of Defendant's trial.

the day in question. The evidence at trial indicated, among other things, that Defendant arrived in a mall parking lot in a vehicle with three other men; that after all four men left the vehicle, there was no firearm visible in the front passenger floorboard of the car; that Defendant returned to the vehicle alone and got into the front passenger seat of the vehicle; and that after Defendant left the vehicle for a second time in the presence of the testifying officers, a firearm was visible in the front passenger floorboard.

In support of the methamphetamine charges in Counts Five and Six, the Government introduced testimony by Drug Enforcement Administration Task Force Officer Justin Headden. Officer Headden testified to his investigation of Defendant, including by using a confidential informant to perform two controlled buys from Defendant. Defendant cross-examined Officer Headden on, among other things, the criminal history of the confidential informant. Neither the Government nor Defendant called the confidential informant to testify.

The jury found Defendant guilty on all counts on August 15, 2025.[3] (Doc. 93.) On June 24, 2026, the Court sentenced Defendant to 432 months of imprisonment and ten years of supervised release. (Docs. 157, 158.) The Court issued the judgment on June 26, 2026. (Doc. 158.) Defendant filed a notice of appeal on July 3, 2026. (Doc. 161.)

On June 24, 2026, shortly before his sentencing hearing began, Defendant filed a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure.[4] (Doc. 152.) Among

---

[3] The Court did not discharge the jury until September 15, 2025, after Defendant admitted the facts underlying the then-remaining enhancement allegations. (Doc. 110.)

[4] Defendant previously included a request for a new trial under Rule 33 in a brief on an evidentiary issue during trial. (Doc. 103.) The Court denied the motion and denied Defendant's subsequent motion to reconsider. (Docs. 121, 154.) A successive motion for a new trial may be precluded if it is based on the same allegedly "new" evidence as an earlier motion. *United States v. Lanier*, 238 F.3d 425, *3–4 (6th Cir. 2000) (Table). This rule does not apply here because Defendant's previous Rule 33 motion did not assert that he had discovered new evidence.

other grounds, the motion asserts that Defendant has discovered new evidence regarding the confidential informant about whom Officer Headden testified as to Counts Five and Six, and that one of the three men who were in the vehicle with Defendant on the date relevant to Counts Three and Four is newly available to testify that he owned the gun Defendant was convicted of possessing. (*Id.* at 3–5.)

The Government responded to the motion for a new trial on July 8, 2026. (Doc. 161.) The response argues that all of Defendant's grounds for a new trial are untimely except those based on the allegedly newly discovered evidence and witness. (*Id.* at 1 n.1.) As to the merits of the timely parts of the motion, the Government argues that neither the evidence nor the witness on which Defendant relies qualify as "new" under Rule 33. (*Id.* at 2–4.)

Defendant did not file a reply, and the motion is ripe.

## II. STANDARD OF REVIEW

A court may vacate a judgment and grant a defendant a new trial on the defendant's motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to order a new trial is committed to a court's sound discretion. *United States v. Talley*, 164 F.3d 989, 1002 (6th Cir. 1999); *United States v. Davis,* 15 F.3d 526, 531 (6th Cir. 1994). In deciding whether a new trial is warranted, a court should primarily concern itself with whether the prior proceedings were fair for the accused. *Talley*, 164 F.3d at 1002. Motions for new trials are not favored and should only be granted with great caution and in extraordinary circumstances. *United States v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976); *United States v. Hoffa*, 382 F.2d 856, 862 (6th Cir. 1967). A defendant bears the burden of proving a new trial should be granted. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991).

## III. <u>DISCUSSION</u>

As a threshold matter, the Federal Rules of Criminal Procedure place limits on when a motion for a new trial may be filed. "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). In addition, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." *Id.* 33(b)(2). These deadlines are mandatory claim-processing rules a Court must enforce if the Government raises them. *Eberhart v. United States*, 546 U.S. 12, 19 (2005).

Defendant filed his motion on June 24, 2026, over ten months after the jury's August 15, 2025, verdict. (Docs. 93, 152.) His claims as to newly discovered evidence are timely because they were filed within three years of the verdict. *See* Fed. R. Civ. P. 33(b)(1). However, the motion was filed almost ten months after the fourteen-day deadline for other types of grounds. *See id.* 33(b)(2). The motion is therefore not timely as to any grounds other than newly discovered evidence. The United States has raised the defense of untimeliness, and the Court must apply this mandatory claim-processing rule. Therefore, the Court will only consider Defendant's arguments as to newly discovered evidence.[5]

To obtain a new trial based on newly discovered evidence, "the defendant must show that the evidence (1) was discovered only after trial, (2) could not have been discovered earlier with

---

[5] The Rules also limit a trial court's ability to grant a motion for new trial based on newly discovered evidence if an appeal is pending. Fed. R. Crim. P. 33(b)(1). That limitation would not apply here even if the Court were to find the motion to have merit. Defendant's notice of appeal will not become effective until after the Court disposes of the pending motion for new trial. *See* Fed. R. App. P. 4(b)(3)(B) ("A notice of appeal filed after the court announces a . . . sentence . . . but before it disposes of [a timely Rule 33 motion] becomes effective upon the later of . . . (i) the entry of the order disposing of the last such remaining motion; or (ii) the entry of the judgment of conviction.").

due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried." *United States v. Barlow*, 693 F.2d 954, 966 (6th Cir. 1982) (citing *United States v. Hedman*, 655 F.2d 813, 814 (7th Cir. 1981)). "Motions for a new trial based upon newly discovered evidence are disfavored and should be granted with caution." *United States v. Turns*, 198 F.3d 584, 586 (6th Cir. 2000) (citing *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991)).

**A. Information About the Confidential Informant**

Defendant represents that he discovered after trial "that the Government's confidential informant . . . had undisclosed criminal exposure, including criminal impersonation and drug related conduct prior to and during cooperation with law enforcement." (Doc. 152 at 3.) He asserts that neither this information nor a "written agreement" with the confidential informant "was . . . disclosed to the defense before or during trial." (*Id.*)

The Government responds that it disclosed this information "on August 12, 2025, prior to the start of the defendant's trial . . . via email to defendant's elbow counsel, and via hand-delivery to the defendant in open court." (Doc. 161 at 2.) In support, the Government attaches as an exhibit a copy of an email to Defendant's elbow counsel dated August 12, 2026, at 9:28 a.m., which states as follows:

> Brian,
>
> The Government will make a trial disclosure to Mr. Watkins today—*Jencks* Statements, Confidential Informant info, etc. I've attached a PDF copy of the disclosure to memorialize its content. We will provide a hard copy in court.
>
> -ktb

(Doc. 161-1 at 1.) The Government also attaches the disclosure's exhibits, which include a courtesy summary of the confidential informant's publicly available criminal history (*id.* at 24), a

statement that counsel for the Government would bring a printout of the entire history for Defendant to use at trial as a further courtesy (*id.* at 23), a voucher for a $1,000 payment to the confidential informant signed by the confidential informant[6] (*id.* at 25), and a description of the benefits Officer Headden obtained for the confidential informant in exchange for that individual's cooperation (*id.* at 23). The summary of the confidential informant's criminal history lists both criminal impersonation and solicitation convictions and a drug conviction. (*Id*. at 24.)

Defendant has not carried his burden to show that he discovered the information in question only after the trial was over and that he could not with due diligence have discovered it sooner. The Government disclosed the information on the morning of August 12, 2026, before the afternoon's start of opening statements and introduction of evidence. (Doc. 161-1 at 1, 23–27.) Moreover, as to the confidential source's criminal history, "[p]ublicly available information that could have been discovered before or during trial with due diligence cannot provide the basis for a Rule 33 motion for a new trial based on newly discovered evidence." *United States v. Whyte*, No. 3:19-cr-64, 2023 U.S. Dist. LEXIS 40465, at *7–8 (D. Conn. Mar. 10, 2023) (citing *United States v. Soblen*, 301 F.2d 236, 241–42 (2d Cir. 1962)). Finally, Defendant's cross-examination of Officer Headden on the confidential source's criminal impersonation and other convictions undermines Defendant's assertion that he did not learn this information until after the trial was over. Defendant's motion for a new trial based on newly discovered evidence about the confidential informant does not have merit.

[6] The Court concludes that this signed voucher is the "written agreement" to which Defendant refers. (*See* Doc. 152 at 3.)

### B. Availability of Witness

Defendant also asserts that "[a]fter trial, the defense was able to locate a material witness who was seated in the vehicle near the location where the firearm was recovered in Counts 1 through 4," but "was unable to secure or locate the witness before trial due to the witness's incarceration and unavailability to locate." (Doc. 152 at 4.) Defendant identifies this witness as Lavontate Wasson and declares under oath that Defendant's private investigator spoke with Mr. Wasson in November of 2024, after which Defendant lost contact with Mr. Wasson. (*Id.* at 4–5.) Defendant declares that he "learned a few days ago [Mr. Wasson] lost his phone and went to jail in 2025." (*Id.* at 5.)

As the Government points out, the existence of Mr. Wasson or his potential knowledge of facts regarding Counts One through Four is not "newly discovered evidence" for Defendant. Presumably, Defendant knew who was in his car with him on the date in question. Undoubtably, Defendant's investigator's November 2024 interview of Mr. Wasson predated Defendant's August 2025 trial. Nor does Defendant's assertion that he could not locate Mr. Wasson to testify at his trial but now may be able to do so meet the requirements of newly discovered evidence under Rule 33. *See United States v. Glover*, 21 F.3d 133, 138 (6th Cir. 1994) (denying new trial because "[w]hile [the] testimony may have been newly available, it was not in fact 'newly discovered evidence' within the meaning of Rule 33") (internal citation omitted)). Defendant's motion for a new trial based on a newly discovered or newly available witness does not have merit.

## IV. CONCLUSION

Defendant has not shown that a new trial is warranted under Federal Rule of Criminal Procedure 33. Therefore, the Court will **DENY** Defendant's motion (Doc. 152).

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**